**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 22-cr-33 (CRC)** |
| | : | |
| | : | |
| | : | **VIOLATION:** |
| **KATHLEEN KARAU** | : | **Misuse of Names and Emblems** |
| | : | **(18 U.S.C. § 712)** |
| | : | |
| **Defendant.** | : | |

<u>**DEFERRED PROSECUTION AGREEMENT**</u>

The United States Attorney's Office for the District of Columbia (the "Office"), and the defendant Kathleen Karau ("the defendant"), and her attorney, Joseph King, Esquire, hereby agree to a disposition of this matter in accordance with the following terms and conditions and enter into the following agreement ("Agreement"):

1.      The defendant acknowledges and agrees that the Office will file a one-count criminal Information in the United States District Court for the District of Columbia charging the defendant with false statements, in violation of Title 18, United States Code, Section 712. In so doing, the defendant: (a) knowingly waives her right to indictment on this charge, as well as all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, Title 18, United States Code, Section 3161, and Federal Rule of Criminal Procedure 48(b); and (b) knowingly waives for purposes of this Agreement and for the purpose of any charges by the United States arising out of the conduct described in the attached Statement of Offense any objection with respect to venue and consents to the filing of the Information, as provided under the terms of this Agreement, in the United States District Court for the District of Columbia.

2.      The defendant accepts, admits, and acknowledges responsibility for her conduct as

1

set forth in the Statement of Offense attached hereto, and incorporated by reference herein as Appendix A (hereinafter, "Statement of Offense"), and that the allegations described in the Information and the facts described in Appendix A are true and accurate. Should the Office pursue the prosecution that is deferred by this Agreement, the defendant stipulates to the admissibility of the Statement of Offense in any proceeding, including any trial, guilty plea, or sentencing proceeding, and will not contradict anything in the Statement of Offense at any such proceeding.

3.      This Agreement is effective for a period beginning on the date on which the Court approves this Agreement and ending one year (365 days) from that date (the "Term"). The defendant agrees, however, that, in the event the government determines, in its sole discretion, that the defendant has knowingly violated any provision of this Agreement, an extension or extensions of the term of the Agreement may be imposed by the government, in its sole discretion, for up to a total additional time period of one year, without prejudice to the government's right to proceed as provided in the paragraphs below. Any extension of the Agreement extends all terms of this Agreement for an equivalent period. Conversely, in the event the Office finds, in its sole discretion, that there exists a change in circumstances sufficient to eliminate the need for the requirements, and that the other provisions of this Agreement have been satisfied, the Term of the Agreement may be terminated early.

## **Relevant Considerations**

4.      The Office enters into this Agreement based on the individual facts and circumstances presented by this case and the defendant. Among the factors considered were the following:

2

      a.      The defendant's willingness to acknowledge and accept responsibility for her actions as charged in the Information and as set forth in the Statement of Offense;

      b.      The defendant's expressed remorse for her conduct;

      c.      The defendant's lack of government employment history, security clearance, or access to government computers; and

      d.      The defendant's lack of a criminal history;

5.      The government will not seek to have the defendant detained during the time that the prosecution of the defendant is deferred, unless the defendant commits a new offense or does not abide by the conditions set forth in this Agreement.

**Deferred Prosecution**

6.      The defendant agrees to abide by the following conditions while the prosecution is deferred:

      a.      The defendant agrees not to violate any law. The defendant must not be arrested on probable cause or engage in any further criminal activity.

      b.      The defendant shall abide by all conditions imposed by Pretrial Services or the U.S. Probation Office.

      c.      The defendant shall seek counseling for anger and stress management; and

      d.      The defendant shall provide a written apology to the Madiot Family listed in the Statement of Offense by furnishing a copy to the United States, who will then provide the apology to the Madiot Family via the appropriate channels.

7.      The defendant and the United States shall recommend to the Court, pursuant to Title 18, United States Code, Section 3161(h)(2), that further prosecution of the defendant on the

Information filed pursuant to Paragraph 1 be deferred for a period of one year (365 days) from the date of the Court's approval of this Agreement.

8.     The defendant shall consent to a motion, the contents to be agreed upon by the parties, to be filed by the United States with the Court promptly upon execution of this Agreement, pursuant to Title 18, United States Code, Section 3161(h)(2), in which the United States will present this Agreement to the Court and move for a continuance of all further criminal proceedings, including trial, for a period of one year (365 days) from the date of the Court's approval of this Agreement, for speedy trial exclusion of all time covered by such a continuance. The defendant further agrees to waive and does hereby expressly waive any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the District of Columbia for the period that this Agreement is in effect.

9.      The Office further agrees that if the defendant fully complies with all of her obligations under this Agreement, the Office will not continue the criminal prosecution against the defendant described in Paragraph 1 and, at the conclusion of the Term, this Agreement shall expire. Within two months of the Agreement's expiration, the Office shall seek dismissal with prejudice of the criminal Information filed against the defendant described in Paragraph 1, and agrees not to file charges in the future against the defendant based on the conduct described in this Agreement and in the Statement of Offense (Appendix A).

10.     The defendant and the United States understand that this Agreement to defer prosecution of the defendant must be approved by the Court, in accordance with Title 18, United

States Code, Section 3161(h)(2). Should the Court decline to approve a deferred prosecution for any reason, the United States and the defendant are released from any obligation imposed upon them by this Agreement and this Agreement shall be null and void.

11.     The defendant and the United States agree that any court hearings regarding this matter may be held via tele-conferencing.

**Breach of this Agreement**

12.     Should the United States determine that the defendant has committed a willful and material breach of any provision of this Agreement, the United States shall provide written notice to the defendant of the alleged breach and provide the defendant with a three-week period, or longer at the reasonable discretion of the United States Attorney for the District of Columbia, in which to make a presentation to the United States Attorney or his designee to demonstrate that no breach has occurred or, to the extent applicable, that the breach is not willful or material or has been cured. The parties hereto expressly understand and agree that should the defendant fail to make a presentation to the United States Attorney within such time period, it shall be presumed that the defendant is in willful and material breach of this Agreement. The parties further understand and agree that the United States Attorney's exercise of reasonable discretion under this paragraph is not subject to review in any court or tribunal outside of the Department of Justice. In the event of a breach of this Agreement, which results in a prosecution, such prosecution may be premised upon any information provided by or on behalf of the defendant to the United States at any time, unless otherwise agreed when the information was provided.

**Limitations on Binding Effect of this Agreement**

13.     It is further understood that this Agreement does not relate to or cover any criminal

5

conduct by the defendant other than the conduct or transactions described in this Agreement and the Statement of Offense.

14.    This Agreement is binding on the defendant and the Office but specifically does not bind any other component of the Department of Justice, other federal agencies, or any state, local or foreign law enforcement or regulatory agencies, or any other authorities.

### **Complete Agreement**

15.    This Agreement sets forth all the terms of the Deferred Prosecution Agreement between the defendant and the United States. No promises, agreements, or conditions shall be entered into and/or are binding upon the defendant or the United States unless expressly set forth in writing, signed by the United States, the defendant's attorneys, and the defendant.

AGREED on behalf of the United States Attorney's Office:

Dated: 12/30/2021

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

Christopher A. Berridge
Assistant United States Attorney
GA Bar No. 829103
555 4th Street, N.W., Room 4124
Washington, D.C. 20530
202-252-6685
Christopher.Berridge@usdoj.gov

## ACKNOWLEDGEMENT AND AGREEMENT

I hereby agree that I have consulted with my attorney and fully understand all rights with respect to this Deferred Prosecution Agreement. I have read this Agreement and carefully reviewed every part of it with my attorney, Joseph King. I understand this agreement and I voluntarily agree to its provisions.

Dated: _21 January 2022_  

_____
Kathleen Karau
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Deferred Prosecution Agreement, and have reviewed it with my client, Kathleen Karau, fully. I concur in my client's desire to adopt and stipulate to this Deferred Prosecution Agreement as true and accurate.

Dated: _1/21/22_  

_____
Joseph King, Esq.
King, Campbell, Poretz & Mitchell PLLC
118 N. Alfred Street, 2nd Floor
Alexandria, Virginia 22314
(703) 683-7070
jking@kingcampbell.com

7



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No.** |
| | : | |
| **RALPH MICHAEL KARAU** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

**I.      Summary of the Plea Agreement**

Defendant Ralph Michael Karau ("the defendant") agrees to admit guilt and enter a plea of guilty to Misuse of Names, Words, Emblems, or Insignia, in violation of 18 U.S.C. § 712, which is charged in Count 1 of the Information.

**II.      Elements of the Offense**

The essential elements of the offense of Misuse of Names, Words, Emblems, or Insignia, in violation of 18 U.S.C. § 712, each of which the Government must prove beyond a reasonable doubt, are:

1.      that the defendant was engaged in the course of collecting or aiding the collection of private debts or obligations, or engaged in a private investigation;

2.      that while engaged in that conduct used or employed a communication or correspondence; and

3.      that in the communication or correspondence the defendant used the words "United States" or any emblem or insignia of the United States for the purpose of conveying the false impression that such communication is from a department, agency, bureau,

1

or instrumentality of the United States or in any manner represents the United

States.

## III.  <u>Penalties for the Offense</u>

The penalty for Misuse of Names, Words, Emblems, or Insignia, in violation of 18 U.S.C.

§ 712, is as follows:

1.    a maximum term of imprisonment not greater than one year;

2.    a fine not to exceed $100,000;

3.    a term of supervised release of not more than one year, after any period of

incarceration; and

4.    a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional

fine to pay the costs of imprisonment and any term of supervised release and/or probation.

## IV.  <u>Statement of the Facts</u>

The following proffer of evidence is intended to provide the necessary factual predicate for

the guilty plea in this case, rather than a complete statement of all the facts known by the parties.

Had this case gone to trial, the Government's evidence would prove the following:

In the summer of 2018, Mr. Anthony Madiot and Mrs. Alexandra Madiot ("the Madiots"),

French nationals living in southern France, hired the defendant's daughter as an au pair to provide

childcare services to the children of the Madiots. The defendant's daughter lived with the Madiots

in France until the summer of 2019, when she returned home to the United States. Upon return to

the United States, the defendant's daughter alleged that she was mistreated by the Madiot family,

and complained of this alleged mistreatment to her parents, the defendant and his wife, Kathleen Karau, of Alexandria, Virginia.

After hearing of these complaints from their daughter, the defendant and his wife together created a fraudulent letter to send to the Madiots in October 2019. The defendant and his wife created the fraudulent letter using an official seal of U.S. Department of State in order to give the letter an appearance of legitimacy. Additionally, the defendant and his wife created a fictitious persona to serve as the author of the fraudulent letter: "Karl Wilkinson, Deputy Chief, International Investigations Unit."

In the letter, the defendant and his wife, writing through the fictitious persona, informed the Madiots that the Karau family had submitted a "formal complaint" against the Madiots to the U.S. Department of State, and that the Madiots potentially committed criminal offenses for the alleged mistreatment of the Karau's daughter. The letter stated further that the Madiots could be denied entry to the United States for their alleged conduct, since the Madiots would be subjects of an "ongoing investigation." Finally, the letter implied that a "financial settlement" paid to the Karau's daughter would be in the best interest of the Madiots.

Once Ralph Karau and Kathleen Karau drafted the fraudulent letter, they used the U.S. Postal Service to send the letter internationally on October 4, 2019, from Washington, D.C. The letter was sent intentionally from the District of Columbia so that it would be postmarked where the U.S. Department of State is located to add an additional layer of legitimacy to the letter. The U.S. Department of State did not know of this fraudulent letter and did not authorize its drafting or the use of its official seal in the letter.

Soon after Karaus mailed the letter, the Madiots received the letter at their home in France. When they read the letter, the Madiots believed the letter came from the United States Government

and were deeply concerned for any legal or other consequences they might face. The Madiots
contacted the French Embassy in Washington, D.C. for guidance. The French Embassy in the
United States then contacted the U.S. Embassy in Paris, after which the matter was referred to U.S.
law enforcement. The Madiots did not send any money or anything else of value in response to the
letter after speaking with law enforcement.

At the time the letter was drafted by the defendant and his wife and then sent to the Madiots,
the defendant was employed by the U.S. Department of Homeland Security as a Senior Advisor to
the Director of Real Property and held a TS/SCI clearance. A forensic investigation of the
defendant's government devices showed that the defendant used his government devices to assist
in preparing the letter that was sent to the Madiots.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  _____
Christopher A. Berridge
Assistant United States Attorney
GA Bar No. 829103
555 4th Street, N.W., Room 4124
Washington, D.C. 20530
202-252-6685
Christopher.Berridge@usdoj.gov

4